### H. A. FARMSWORTH *v.* E. P. LANAM.

**Infancy—Guardian and Ward—Liability of Guardian's Surety.**

Where a guardian sells his ward's property, and the infant and those representing him are satisfied with the sale, and the purchaser has paid the purchase money and is in possession, a surety on the guardian's bond cannot escape liability by pleading defects in the record under which the property was sold.

**Surety's Liability.**

The fact that the court made no order requiring the guardian to pay the money of his ward into court or to account for it will not release the surety on his bond. It is the duty of such surety to see that the money in the hands of the guardian was paid into court or invested in other property, and until this is done the surety's liability continues.

APPEAL FROM HICKMAN CIRCUIT COURT.

December 7, 1877.

OPINION BY JUDGE PRYOR:

It is said by this court in the case of *Thornton v. McGrath,* 1 Duv. 349, in discussing the effect of a judgment in a case like this, where the proceedings indicate certain defects in the preparation, that their inequalities can only be taken advantage of by the infant, and that by the statute the proceeding is only declared to be void when no bond has been executed, and further that the decisions with reference to these questions embrace or apply to only two classes of cases: First. Where the purchaser sought a cancelation of his bonds because his title was not secure under a voidable sale; and, Second. Those in which the infants sought relief against the sale claiming the privilege to avoid it or have it declared void. Since that decision this court has departed from the strict construction given the statute theretofore, and has upheld all such sales in nearly every case where it was to the interest of the infant that the sale should stand.

But regardless of this question in the present case the infant, or those representing him, is satisfied with the sale. The purchaser is in possession, had paid his money, and he is not complaining; and what right has the surety of the guardian to come into court and say, "I am not required to because of the defects appearing in the record under which the property was sold"? He enabled the guardian to obtain the judgment, and by appending his name to the bond enabled him to collect the money. The petition alleges that it was to the interests of the infants that the property should be sold. The then commissioners appointed by the court made a report, in which they state that the infant has no personal estate except certain slaves of certain value; that the personal property yields about one hundred dollars per annum; that the only real estate owned by the infant is the house and lot worth $1,500, yielding an annual sum of $175; and that in their opinion the interest of the infant requires a sale of the property. It was not necessary to make the infant a defendant under the statute, and a bond having been executed as required by the statute, or in substantial compliance with its provisions, it is doubtful whether the infant or purchaser could have avoided the sale; and certainly when the vendor and purchaser are willing to abide by it there is no cause for releasing the surety who aided in procuring the judgment. If the proceedings were

void it might be different, but no such record as this could be held as passing no title to the purchaser.

The bond gives the style of action:

"Hickman Equity and Criminal Court,

W. D. Lanam, guardian for Percy Lanam,

Ex parte ———— Bond.

We undertake that the plaintiff, W. D. Lanam, guardian for Percy Lanam, shall faithfully discharge all the duties under the laws of the commonwealth, or under any order or decree of the court in pursuance thereof." Signed by the guardian and sureties.

This bond was approved by the court and the judgment rendered, and although the language used in the statute is different from that found in the bond, the one includes the other, and is in substance the same, and is in effect made payable to the infant. "Shall faithfully discharge all his duties under the laws of the commonwealth, or under any order or decree of the court in pursuance thereof" certainly embraces the liability on the part of the guardian to account for this money and to comply with an order made by the court in the case. It is said, however, that there was no order made by the court during the life of the guardian requiring him to pay the money or to account for it, and therefore the surety is not responsible. It will not be maintained that because the guardian held the money and failed to account for it, or was never ordered to pay it while he lived, that therefore the surety is released. It was the duty of the surety for his own protection to see that this money was paid into court or invested in other property, and until this is done the surety's liability continues. The infant instituted this action at law on the bond, and that the guardian has never accounted for the money is admitted, or if not conceded, the fact clearly appears.

The response of the surety, as well as his answer, was held insufficient, and there was no reason why the judgment should not have been rendered. It is agreed, however, that the case was improperly transferred to a court of equity. If the theory of counsel for appellant is correct, the case should have gone to the chancellor. When it reaches that court the appellant is required to bring the money into court in order that the chancellor may control it. The surety is then in the proper forum, where the rights of both the infant and the surety can be protected. What defense has the surety when the chancellor requires that he shall bring the money into court? His only response is that the sale is void. This constitutes no de-

fense, as the record under which he obtained the money is relied on in support of his plea.

It is manifest that the proceeding, if defective at all, is only voidable and not void. There is only a personal judgment in this case and the order made by the chancellor to enforce the rule, and as the proceeding was instituted at law and transferred to equity, the chancellor will doubtless proceed to have the money made by ordinary execution. We do not now even adjudge that it is error to enforce its payment by rule. This is not necessary, as an ordinary judgment was rendered. Measuring the liability of the surety by the terms of his bond, his liability in this case is unquestioned. The defense relied on by the appellant being held insufficient, he is not prejudiced by the judgment, whether rendered at law or equity.

In fixing the liability it might have been proper to have ascertained the value of the life estate of the guardian and to have deducted this from the amount of sale, and then have given the infant the remainder, with interest from the time the sale notes fell due. This, however, does not prejudice the appellant, and would not have altered materially the result as ascertained. The deed filed shows that Lanam has a life estate. What the will contains does not appear as it is not made part of the record. The guardian had the interest during his life, and the fact that he had the life interest does not help the surety. He was bound as guardian to account for the value of the interest of the ward. The petition under which this judgment of sale was rendered was filed in March, 1858. There was a statute authorizing the sale of remainder interest in force in February, 1858. This judgment must be affirmed on original and cross-appeal. See *Elbert v. Jacoby,* 8 Bush 542.

Judge Lindsay not sitting.

*Bullock & Bullock, Redwines, for appellant. Moss, for appellee.*